### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

SAMUEL BOZOCHOVIC,

         Defendant.

No. 4:17-CR-00046

(Judge Brann)

### MEMORANDUM OPINION

#### JANUARY 8, 2021

Currently pending before the Court is Samuel Bozochovic's motion for reconsideration of this Court's prior Order dismissing without prejudice his motion for compassionate release.[1] This Court dismissed the motion for compassionate release after concluding that Bozochovic had failed to exhaust his administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A).[2] Bozochovic asserts that he has now exhausted his administrative remedies and, accordingly, the Court should reconsider his motion for compassionate release.[3]

## I.     BACKGROUND

In 2017, Bozochovic was charged in an indictment with theft of firearms from a Federal Firearms License (FFL) Inventory, in violation of 18 U.S.C. § 922(u), possession of stolen firearms, in violation of 18 U.S.C. § 922(j), possession of a

---

[1]    Doc. 64.
[2]    Doc. 63 at 3.
[3]    Doc. 64.

firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).[4] Bozochovic pled guilty, pursuant to a written plea agreement, to theft of firearms from an FFL inventory[5] and was sentenced to 66 months' imprisonment.[6]

In June 2020, Bozochovic filed a motion for compassionate release, asserting that he suffers from asthma and other unspecified respiratory problems, which places him at a higher risk of serious illness or death should he contract COVID-19.[7] The Government responded that Bozochovic's motion for compassionate release was premature because he failed to exhaust his administrative remedies and, in any event, the motion was without merit.[8] This Court concluded that Bozochovic's motion must be dismissed without prejudice because he had failed to exhaust his administrative remedies.[9] Bozochovic has now filed this motion for reconsideration and, for the following reasons, the motion for reconsideration will be granted, but his motion for compassionate release will be denied.

## II.   DISCUSSION

To properly support a motion for reconsideration, a movant must demonstrate "at least one of the following: (1) an intervening change in the controlling law; (2)

---

[4]   Doc. 12.
[5]   Doc. 31.
[6]   Doc. 54.
[7]   Doc. 57.
[8]   Doc. 59.
[9]   Doc. 63 at 3.

the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[10] Arguably, Bozochovic has demonstrated none of three grounds for reconsideration, as there is no intervening change in controlling law, no new evidence, and it is undisputed that Bozochovic had not exhausted his administrative remedies at the time the Court dismissed his motion for compassionate release.[11]

It is, however, apparent to the Court that Bozochovic has now exhausted his administrative remedies.[12] In the interests of judicial economy, the Court will therefore grant Bozochovic's motion for reconsideration and consider the merits of his motion for compassionate release.

Turning to the merits of Bozochovic's underlying motion for compassionate release, the Court concludes that the motion must be denied. "[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization."[13] Congress has provided courts with the authority to modify sentences through its enactment of 18 U.S.C. § 3582(c)(1)(A). That statute permits courts to reduce an inmate's sentence if the inmate has exhausted his administrative

---

[10]   *In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017) (ellipsis and internal quotation marks omitted).

[11]   *See* Doc. 64-1 at 1 (request to warden for compassionate release filed on November 11, 2020).

[12]   *See United States v. Harris*, 973 F.3d 170, 171 (3d Cir. 2020) (holding that a movant may file a motion for compassionate release with the district court "thirty days after the warden receives his request" for home confinement, even if the movant did not further appeal the denial of any such request). Because Bozochovic filed his request with the warden at his place of confinement on November 11, 2020, his administrative remedies were effectively exhausted on December 11, 2020.

[13]   *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007).

remedies and if, as relevant here, "extraordinary and compelling reasons warrant such a reduction."[14] Courts must also consider the relevant § 3553(a) sentencing factors[15] and whether "the defendant is . . . a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."[16]

Congress has not defined the term "extraordinary and compelling." However, the Sentencing Guidelines define the term to include a terminal illness, or any non-terminal illness "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[17] Nevertheless, this definition is not authoritative, as "[t]he Commission has not updated its policy statement to account for the changes imposed by the First Step Act, and the policy statement is now clearly outdated."[18] Thus, while "the Policy Statement provides useful guidance for district courts in assessing a defendant's eligibility for compassionate release, . . . it does not constrain a court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A)."[19] "The burden rests with the defendant to show that a reduction in sentence is proper."[20]

---

[14]   18 U.S.C. § 3582(c)(1)(A)(i).
[15]   *Id.*
[16]   U.S. Sentencing Guidelines Manual § 1B1.13(2).
[17]   USSG § 1B1.13, cmt. n.1(A).
[18]   *United States v. Rodriguez*, 451 F.Supp.3d 392, 397 (E.D. Pa. 2020).
[19]   *United States v. Guzman*, No. 3:16-CR-85, 2020 WL 4515476, at *3 (M.D. Pa. Aug. 5, 2020) (brackets and internal quotation marks omitted).
[20]   *United States v. Rengifo*, No. CV 1:13-CR-00131, 2020 WL 4206146, at *2 (M.D. Pa. July 22, 2020).

Here, Bozochovic has not met his burden of establishing that extraordinary and compelling reasons weigh in favor of compassionate release. As an initial matter, the Court notes that the existence of COVID-19 cannot alone justify compassionate release. As the United States Court of Appeals for the Third Circuit has explained:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, . . . But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.[21]

Therefore, to demonstrate that extraordinary and compelling reasons exist to grant compassionate release, movants must show that they suffer from one or more ailments that render them more susceptible to serious illness or death should they contract COVID-19. The Court concludes that Bozochovic has failed to make such a showing.

Although it is undisputed that Bozochovic suffers from asthma and has been prescribed an Albuterol emergency inhaler to help alleviate his symptoms,[22] Bozochovic has not demonstrated that his asthma renders him more vulnerable to COVID-19. The CDC lists moderate to severe asthma as a condition that may

---

[21] *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).
[22] *See* Doc. 61 at 5.

increase the risk for severe illness from COVID-19.[23] As other courts have discussed, "one has 'moderate asthma' where the individual suffers from daily symptoms, experiences nighttime awakenings more than once a week, uses an albuterol rescue inhaler on a daily basis, and experiences some limitation of normal activities."[24]

Bozochovic has not established that he suffers from moderate to severe asthma, and the medical records do not establish any of the four diagnostic factors for moderate asthma. There is no evidence that Bozochovic experiences daily asthma symptoms or must use his rescue inhaler daily, or that he experiences any nighttime awakenings or limitation in his normal activities. To the contrary, Bozochovic's medical records reveal that, while he has been prescribed an emergency inhaler, he uses that inhaler every other day, rather than every day as required to establish moderate asthma.[25] Moreover, although Bozochovic's medical records show at least one asthma episode that resolved without medical intervention, his rather unremarkable medical records demonstrate that his asthma is relatively well-controlled.[26] The Court therefore concludes that Bozochovic has not shown that he

---

[23] Centers for Disease Control and Prevention, *Coronavirus Disease 2019, People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 5, 2021).

[24] *United States v. Smith*, No. CR 9-187, 2020 WL 4047485, at *3 (W.D. Pa. July 20, 2020).

[25] Doc. 61 at 4.

[26] *Id.* at 5.

suffers from moderate or severe asthma, as is his burden.[27] Accordingly, the Court finds that Bozochovic's asthma does not render compassionate release appropriate.[28]

The Court is sympathetic to Bozochovic's situation, and the risk of illness or death from COVID-19 is a serious issue. However, Bozochovic has not demonstrated that he suffers from any health condition that increases his susceptibility to severe complications should he contract COVID-19. In the absence of any such comorbidity, the Court simply cannot find that extraordinary and compelling reasons exist to grant Bozochovic's motion.

## III.   CONCLUSION

For the foregoing reasons, Bozochovic's motion for reconsideration will be granted, but his motion for compassionate release will be denied.

An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
United States District Judge

---

[27]   *Rengifo*, 2020 WL 4206146, at *2.

[28]   *See United States v. Guzman*, No. 3:16-CR-85, 2020 WL 4515476, at *4 (M.D. Pa. Aug. 5, 2020) (finding asthma insufficient to grant compassionate release where movant was prescribed only an inhaler that was used twice per week, movant was never hospitalized for the condition, and examinations were normal); *United States v. Zaffa*, No. CR 14-050-4, 2020 WL 3542304, at *2 (D.N.J. June 29, 2020) (asthma is insufficient "to meet the 'extraordinary and compelling' threshold" absent "concurrent risk factors (e.g. age or inclusion in another high-risk category)"); *United States v. Mazzo,* 2020 WL 3410819 (D. Conn. June 22, 2020) (asthma insufficient to demonstrate extraordinary and compelling reasons despite movant's use of multiple inhalers because condition was well-controlled); *United States v. Wheeler*, 2020 WL 2801289, at * 3 (D.D.C. May 29, 2020) (mild asthma does not constitute an extraordinary and compelling reason to grant compassionate release).